IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| PAM REYNOLDS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>GEICO CORPORATION,<br><br>    Defendant. | Case No. 2:16-cv-01940-SU<br><br>**OPINION<br>AND ORDER** |

SULLIVAN, United States Magistrate Judge:

  Plaintiff Pam Reynolds brings this putative class action against defendant Geico Corporation for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Plaintiff alleges that defendant sent her, and others in two putative classes, unsolicited text messages using an automatic telephone dialing system, without obtaining consent, and despite requests to cease. Defendant has moved to stay the proceedings, or in the

Page 1 – OPINION AND ORDER

alternative, to dismiss plaintiff's complaint. (Docket No. 19). Defendant's Motion to Stay is based on the matter of *ACA International v. FCC*, No 15-1211 (D.C. Cir. 2015), currently pending before the Court of Appeals for the D.C. Circuit, which may decide the validity of a declaratory ruling by the Federal Communications Commission ("FCC") and if so, defendant argues, could directly bear on the viability of plaintiff's claims in this action. Defendant's alternative Motion to Dismiss argues that plaintiff does not plausibly state a claim for relief under the TCPA. Plaintiff opposes defendant's Motion. (Docket No. 21). Although defendant has requested oral argument on its Motion, the Court has determined that the Motion is suitable for resolution without oral argument. On review of the parties' arguments and submissions, the Court GRANTS defendant's Motion to Stay, and accordingly, does not reach the merits of defendant's Motion to Dismiss.

## FACTUAL BACKGROUND

Plaintiff owns a cellular telephone. Compl. (Docket No. 1) ¶ 27. Beginning in May 2016, plaintiff began receiving unsolicited text messages on her cellular telephone from "short code" 434-26,[1] "a number associated with" defendant. *Id.* ¶ 28. Plaintiff received one text message from defendant, from short code 434-26, on May 27, 2016, that read, "GEICO Policy: Your payment of $127.79 for policy ending in 6756 will be withdrawn from bank acct ending in 5155 on 06/01. Reply STOP to end texts." *Id.* ¶ 29 & Ex. A (screenshots of text messages). Plaintiff received another text message from defendant, from short code 434-26, on June 25, 2016, that read, "GEICO Policy: Renewal ID Cards are now available at https://dispatch.geico.com/ecams/expressRenewal.xhtml for policy ending in 6756. Reply STOP

---

[1] A "short code" is a special telephone number, shorter than a standard telephone number, used to send Short Message Service ("SMS") messages, i.e., text messages. *See Harnish v. Frankly Co.*, No. 5:14-CV-02321-EJD, 2015 WL 1064442, at *1-3 (N.D. Cal. Mar. 11, 2015); *Derby v. AOL, Inc.*, No. 15-CV-00452-RMW, 2015 WL 3477658, at *1 (N.D. Cal. June 1, 2015).

to end texts." *Id.* ¶ 30 & Ex. A (Docket No. 1-1).  Plaintiff received another similar text message on June 26, 2016.  *Id.* ¶ 31.  On June 26, 2016, plaintiff emailed defendant's customer support requesting that the unsolicited text messages cease; that same day, defendant replied and said it would remove plaintiff's phone number from its marketing lists, allowing six to eight weeks to process the removal request.  *Id.* ¶ 32 & Ex. B (Docket No. 1-2).  Plaintiff sent this email instead of replying to the text message with "STOP," as the message had suggested, to request that messages cease.  Plaintiff received further text messages in July and August 2016, including after the eight weeks defendant said it would need to stop sending such messages.  *Id.* ¶¶ 33-35.

## PROCEDURAL BACKGROUND

Plaintiff brings this action on behalf of two putative classes.  The first, the "Autodialed No Consent Class," consists of those whose cellular telephones defendant sent text messages to without prior express consent.  Compl. (Docket No. 1) ¶ 40.  The second, the "Autodialed Stop Call Class," consists of those whose cellular telephones defendant sent text messages to after those recipients informed defendant that they no longer wanted to receive text messages.  *Id.*

Plaintiff brings two causes of action.  First, on behalf of herself and the Autodialed No Consent Class, plaintiff alleges that defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by sending unsolicited text messages to cellular telephone numbers using an automatic dialer (i.e., "equipment that . . . had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention") without the recipients' prior express consent.  Compl. (Docket No. 1) ¶¶ 47-53.  Second, on behalf of herself and the Autodialed Stop Call Class, plaintiff alleges that defendant violated the same TCPA section by

sending unsolicited text messages to cellular telephones using an automatic dialer after the recipients requested to no longer receive such messages. *Id.* ¶¶ 54-60.

Plaintiff seeks monetary, declaratory, and injunctive relief for herself and the class members. Compl. (Docket No. 1), at 17-18.

The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

## LEGAL STANDARD

The district court has the inherent power to stay its proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). In considering a motion to stay, a court must consider three factors: (1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party if the action is not stayed, and (3) the judicial resources that would be saved. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Oregon,* ex rel. *Kroger v. Johnson & Johnson*, No. 11-cv-86-AC, 2011 WL 1347069, at *2 (D. Or. Apr. 8, 2011). "If there is even a fair possibility that the stay will work damage to some one else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066

(9th Cir. 2007) (quotation omitted). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Levya*, 593 F.2d at 864. However, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quotation omitted). A delay in recovering monetary damages is not sufficient harm to warrant denying a stay. *See CMAX*, 300 F.2d at 268-69.

## DISCUSSION

Defendant seeks to stay this case pending the D.C. Circuit's decision in *ACA International v. FCC*, No. 15-1211, a consolidated action considering challenges to the FCC's Declaratory Ruling and Order *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7999-8012 (2015) (the "2015 FCC Order"). Defendant argues that *ACA International* may invalidate the 2015 FCC Order, which Order allegedly directly bears on several issues in this action. Plaintiff opposes a stay on the grounds that a stay would prejudice her, and could be lengthy.

### A.     The 2015 FCC Order and *ACA International*

The FCC issued the 2015 FCC Order on July 10, 2015. In part, that Order held that the term "called party" under 47 U.S.C. § 227(b)(1)(A) should be defined as the consumer actually assigned the telephone number dialed in the call, and rejected the proposed definition of "called party" as "*intended* recipient" or "*intended* called party." 30 FCC Rcd. 7961, 8000-03 (emphasis added). Thus, a call to a reassigned phone number may violate the TCPA when only the previous subscriber—not the current subscriber or holder of the telephone number—provided the express consent to be called. *Id.* at 8000-01. This potential liability is subject to a narrow, one-call safe harbor. *Id.* The Order also held that individuals should have the right to revoke consent

to be called by "any reasonable method." *Id.* at 7996. The Order further opined on the definition of an automatic telephone dialing system ("ATDS"), specifically, what satisfied the statutory definition of ATDS as "equipment which has the *capacity* to (A) store or produce telephone numbers to be called, using a random or sequential number generators; and (B) to dial such numbers," 47 U.S.C. § 227(a)(1) (emphasis added): the FCC stated that "capacity" "is not limited to [the equipment's] current configuration but also includes its potential functionalities," that is, "capacity" is not limited to "present ability," 30 FCC Rcd. 7961, 7974.

Nine companies filed petitions with the D.C. Circuit seeking review of the 2015 FCC Order. *See Fontes v. Time Warner Cable Inc.*, No. CV14-2060-CAS(CWx), 2015 WL 9272790, at *3 (C.D. Cal. Dec. 17, 2015). Those petitions were consolidated into a single case, *ACA International*. *Id.* "All of the petitions request that the D.C. Circuit vacate the FCC's ruling with regard to the potential liability for calls to reassigned cell phone numbers and the definition of an 'automatic telephone dialing system.'" *Id.* The D.C. Circuit held oral argument in *ACA International* on October 19, 2016.

Under the Hobbs Act, 28 U.S.C. § 2342(a), the federal courts of appeals have exclusive jurisdiction to review FCC final orders; the district courts lack such jurisdiction. When multiple petitions for review of an FCC order are consolidated and assigned to a single circuit court, that court is "the sole forum for addressing the validity of the FCC's rules." *MCI Telecomms. Corp. v. U.S. W. Commc'ns*, 204 F.3d 1262, 1267 (9th Cir. 2000) (quotation omitted).

### B. Instructive Case Law Regarding a Stay Pending *ACA International*

Multiple district courts, including district courts within in this Circuit, have considered whether to stay TCPA actions pending the outcome of *ACA International*, with the majority

deciding to issue a stay. Although the parties cite and discuss numerous such cases, the Court here will focus on the most applicable and persuasive, from within this Circuit.

In *Fontes v. Time Warner Cable Inc.*, the court stayed a TCPA action concerning pre-recorded phone calls allegedly made from an ATDS, in part to reassigned phone numbers. 2015 WL 9272790, at *1. The court found a "legitimate possibility that the [D.C. Circuit] Court of Appeals may overturn" the 2015 FCC Order, and because the issues before the D.C. Circuit in *ACA International* "could potentially be dispositive of the outcome in" that case, "the Court [found] that it is prudent to await further guidance from the D.C. Circuit." *Id.* at *4. Those issues included the definition of "called party," liability for reassigned phone numbers, and the definition of an ATDS. *Id.* A stay could save "substantial efforts by the parties" and avoid "the risk of wasting the resources of the Court." *Id.* at *5. The court in *Small v. GE Capital, Inc.* engaged in much the same reasoning and also decided to stay, while also holding that the plaintiff had not shown he would be prejudiced by a stay. No. EDCV 15-2479 JGB (DTBx), 2016 WL 4502460, at *2-3 (C.D. Cal. June 9, 2016). *Errington v. Time Warner Cable Inc.* reached the same conclusion, noting that without a stay "Defendant may suffer hardship in conducting discovery and trial preparation in light of the uncertain" definition of ATDS, and that "a stay may simplify the issues in this case and conserve judicial resources." No. 2:15-CV-02196 RSWL (DTB), 2016 WL 2930696, at *4 (C.D. Cal. May 18, 2016).[2]

---

[2] Other cases granting stays pending *ACA International* include *Frable v. Synchrony Bank*, No. 16-cv-0559 (DWF/HB), 2016 WL 6123248 (D. Minn. Oct. 17, 2016); *Shahin v. Synchrony Financial*, No. 8:15-cv-2941-T-35EAJ, 2016 WL 4502461 (M.D. Fla. Apr. 12, 2016); *Rose v. Wells Fargo Advisors, LLC*, No. 1:16-CV-562-CAP, 2016 WL 3369283 (N.D. Ga. June 14, 2016); *Robinson v. Nationstar Mortgage, LLC*, No. 2:16-cv-83, 2016 WL 6275192 (S.D. Ga. Oct. 25, 2016); *Coatney v. Synchrony Bank*, No. 6:16-cv-389-Orl-22TBS, 2016 WL 4506315 (M.D. Fla. Aug. 2, 2016); *Ricks v. Allied Interstate, LLC*, No. 3:16-cv-00205-HES-PDB, 2016 WL 4505173 (M.D. Fla. July 11, 2016); and *Abplanalp v. United Collections Bureau, Inc.*, No. 3:15-CV-203-RJC-DCK, 2016 WL 81498 (W.D.N.C. Jan. 7, 2016).

By contrast, the court in *Lathrop v. Uber Technologies, Inc.*, denied a motion for stay. No. 14-cv-05678-JST, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016). When *Lathrop* was decided, the D.C. Circuit had not yet held oral argument, which fact the court found weighed against a stay. *Id.* at *4. The court found that, given likely appeals from the *ACA International* decision, litigation could continue and lengthen a stay significantly. *Id.* The court noted that the case before it would require discovery regardless of *ACA International*'s outcome, even if that appeal did have the potential to narrow discovery, and that the hardship to defendant of conducting discovery was not sufficient to merit a stay. *Id.*[3]

**C.  Analysis**

Application of the relevant factors strongly counsels in favor of staying this action pending a decision in *ACA International*.

1. Potential Prejudice to the Non-Moving Party: The potential prejudice to plaintiff of a stay is minimal. Any delay in plaintiff's recovering monetary damages does not merit a stay, *see CMAX*, 300 F.2d at 268-69, and although plaintiff has requested injunctive relief as well, the last text message plaintiff received was in August 2016, Compl. (Docket No. 1) ¶ 35, and nothing suggests that plaintiff is in jeopardy of receiving additional text messages. Moreover, the Court finds that the harm to plaintiff of receiving unsolicited text messages, which historically averaged approximately two per month, *see id.* ¶¶ 28-35, is minimal. Further, "[t]his case is in the early stages of litigation and in all likelihood, the stay will not be lengthy," *Shahin*, 2016 WL

---

[3] Cases denying a stay include *Konopca v. Center for Excellence in Higher Education, Inc.*, No. 15-5340 (FLW)(DEA), 2016 WL 4644461 (D.N.J. Sept. 6, 2016). Plaintiff also cites *Espejo v. Santander Consumer USA, Inc.* in opposition to defendant's request to stay, but *Espejo* presented a different procedural posture (the opinion plaintiff cites concerns a motion for class certification), and in fact the *Espejo* court said that it *would* partially stay the case: "the Court will defer a trial on [plaintiff's remaining individual] claims until the D.C. Circuit issues its decision in *ACA Int'l*, and will revisit any issues affected by that decision as needed," so *Espejo* in fact supports defendant's, not plaintiff's, position. Nos. 11 C 8987 & 12 C 9431, 2016 WL 6037625, at *6 (N.D. Ill. Oct. 14, 2016).

4502461 at *2; *see also Rose*, 2016 WL 3369283 at *2 (finding the same); *Robinson*, 2016 WL 6275192, at *2 (same); *Coatney*, 2016 WL 4506315, at *2 (same), especially as the D.C. Circuit has already heard oral argument in *ACA International*. The Court finds plaintiff's concerns regarding subsequent appeals from the D.C. Circuit's decision unpersuasive, as the Court would not be staying this action until the termination of the entire *ACA International* litigation, but only until the D.C. Circuit panel issues its decision. Although plaintiff suggests that a stay would jeopardize the availability of witnesses, accuracy of testimony, and preservation of evidence, *see* Pl.'s Resp. (Docket No. 21), at 8-9, plaintiff has not provided any specific argument or evidence concerning why this would be so, and indeed the Court finds that the facts likely at issue (whether defendant sent plaintiff the alleged text messages, and whether plaintiff consented to receive them) are not likely susceptible to any loss of evidence during the short time this action would be stayed.

2. Hardship and Inequity to the Moving Party: Conversely, defendant will suffer hardship if this action is not stayed. Both parties face the possibility of unnecessary discovery and trial preparation on issues that *ACA International* may modify or remove from this action. Although defendant's being required to defend a suit is not *alone* sufficient to merit a stay, *see Lockyer*, 398 F.3d at 1112, the burden of proceeding with this litigation potentially unnecessarily is nonetheless a factor in favor of granting a stay (in conjunction with the savings to judicial resources, discussed below) that the Court may consider, even if it is not dispositive, *see Small*, 2016 WL 4502460, at *3 ("[F]urther litigation absent a ruling may be unnecessary and will require both parties and the court to spend substantial resources."); *Frable*, 2016 WL 6123248, at *2 (finding the same); *Rose*, 2016 WL 3369283 at *2 (same).

3. Judicial Resources That Would Be Saved: Lastly, a stay will greatly conserve judicial resources. This factor weighs most heavily in favor of a stay. *ACA International* may be dispositive of certain issues, or the entire outcome, of this action; it will almost certainly significantly aid this Court's decision-making. *See Fontes*, 2015 WL 9272790, at *4-5; *Shahin*, 2016 WL 4502461, at *1. *ACA International* would likely simplify the issues before the Court and thereby conserve judicial resources. *See Errington*, 2016 WL 2930696, at *4; *Rose*, 2016 WL 3369283 at *2. Specifically, the *ACA International* decision could directly affect the questions of whether defendant used an ATDS as defined by the TCPA, and whether defendant would be liable for allegedly sending text messages to a reassigned telephone number. *ACA International* will also likely address the issue of how a message recipient may revoke consent to receive such messages, which under the 2015 FCC Order can occur by "any reasonable method." Although it was apparently plaintiff's predecessor to her phone number that had provided consent to receive messages, not plaintiff, plaintiff asked defendant to cease sending text messages not by replying with "STOP," as messages had instructed, but by sending an email to customer support. If the D.C. Circuit strikes down the 2015 FCC Order, this will likely affect how consent to receive messages may be revoked. Indeed, plaintiff cites the 2015 FCC Order at length in her Complaint, on the issue of who must consent to receive text messages. Compl. (Docket No. 1) ¶ 13. Thus, "[s]hould the D.C. Circuit reject the FCC's interpretation of" the TCPA, and find that, for example, a cause of action for a TCPA violation is more limited than the present FCC regulations would allow, "federal district courts would be more likely to follow the D.C. Circuit's decision than an invalidated FCC order." *Frable*, 2016 WL 6123248, at *3. This is especially so given the consolidation of the actions challenging the 2015 FCC Order before the D.C. Circuit and that court's resulting exclusive jurisdiction to hear such challenges.

Page 10 – OPINION AND ORDER

The Court finds that these substantial savings in judicial resources greatly outweigh any potential prejudice to plaintiff in waiting what would likely be only a short while for the D.C. Circuit's decision. *See Robinson*, 2016 WL 6275192, at *2.

Thus, one factor (potential prejudice to plaintiff) weighs against a stay, but only minimally. The two other factors (hardship to defendant, savings of judicial resources) weigh in favor of a stay, with the third factor doing so greatly. Accordingly, analysis of the relevant factors strongly counsels the Court to stay this action pending *ACA International*.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's Motion to Stay. This action is stayed pending the D.C. Circuit panel's decision in *ACA International*. Accordingly, the Court does not presently reach defendant's Motion to Dismiss.

The Court instructs the parties to notify the Court when the D.C. Circuit's opinion is issued and to file supplemental briefing regarding the impact of the opinion on this case within 15 days of that notice.

IT IS SO ORDERED.

DATED this __1st__ day of March, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge